IN RE COMMISSION PRACTICE OF THE SUPREME COURT OF THE STATE OF MONTANA.

No. 10910.
Aug. 22, 1979.
598 P.2d 621.

## ORDER

PER CURIAM:

Since the Fall of 1978 this Court has been considering the questions of whether laymen should be appointed to the Commission on Practice of the Supreme Court of Montana and has been researching the experience of other states where laymen serve on such disciplinary commissions. Thereafter, the 1979 Session of the Montana Legislature duly passed Senate Joint Resolution # 27 urging this Court among other things, to appoint laymen to said Commission. This Court has now determined that laymen should be appointed to the Commission on Practice in this state.

NOW THEREFORE, IT IS ORDERED:

(1) That this Court hereby appoints the following laymen to the Commission on Practice effective on the date and for the terms hereinafter set forth:

1. William D. (Scotty) James of Great Falls, Montana, for a term of four years from and after the effective date of this appointment set forth hereinafter.

2. L. Ted Delaney of Missoula, Montana, for a term of four years from and after the effective date of this appointment set forth hereinafter.

3. John W. West of Billings, Montana, for a term of four years from and after the effective date of this appointment set forth hereinafter.

The term of each of the above appointees shall be four years from and after September 1, 1979.

(2) Section I (Establishment) set forth in this Court's order dated January 5, 1965, establishing the Commission on Practice of the State of Montana is hereby amended to read as follows:

"I—*Establishment*.

"There is hereby established a permanent Commission to be known as the 'Commission on practice of the Supreme Court of the State of Montana' which shall consist of eleven members as hereinafter set forth.

"The attorney members shall be chosen one from each of the areas hereinafter provided and they shall serve for a term of four years, the term of two members to expire at the end of each calendar year. The areas shall be comprised of the various judicial districts of Montana and shall be designated by letter as follows:

"Area A, which comprises the 4th, 11th and 19th judicial districts;

"Area B, the 2nd, 3rd and 5th judicial districts;

"Area C, the 8th and 9th judicial districts;

"Area D, the 12th, 15th and 17th judicial districts;

"Area E, the 1st, 6th and 18th judicial districts;

"Area F, the 10th and 14th judicial districts;

"Area G, the 13th judicial district; and

"Area H, the 7th and 16 judicial districts.

"The lawyer appointees to the Commission shall be made by the Supreme Court from a list of three licensed, practicing attorneys in each area submitted in the year of appointment as the result of an election by the resident members of the Bar therein residing. The Supreme Court shall issue its order designating the time, place and method for such election. In the event that said election is not held in any such area as ordered, the Supreme Court shall appoint a member of the Bar from that area to the Commission. In the event of a vacancy in the lawyer membership of the said Commission, a successor shall be appointed for the expired term of the lawyer member whose office is vacated in the manner set forth above. Lawyer members of the Commission may terminate their membership on the Commission at their pleasure and the membership may be terminated by the Supreme Court at its pleasure.

"Three laymen members of the 'Commission on Practice of the

Supreme Court of the State of Montana' shall be appointed at large by the Supreme Court. Each laymen member shall serve a term of four years from and after the effective date of appointment.

"The Supreme Court shall issue its Order designating the appointment,.term and effective date of each such laymen member. In the event of a vacancy in the laymen membership of said Commission, a successor shall be appointed for the unexpired term of the laymen member whose office is vacated. Laymen members of the Commission may terminate their membership on the Commission at their pleasure and their membership may be terminated by the Supreme Court at its pleasure."

(3) All other requests contained in Senate Joint Resolution # 27 shall be held in abeyance pending a further order of the Court.

(4) A copy of this Order shall be sent to each laymen member of the Commission herein appointed and to each lawyer member of the Commission and to the President of the State Bar of Montana.